```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


WESLEY WOOD,                    )
                                )
     Petitioner,                )
                                )
           v.                   )    1:06cr292-12(JCC)
                                )    1:14cv825
UNITED STATES OF AMERICA,       )
                                )
     Respondent.                )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Petitioner Wesley Wood's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). [Dkt. 355.] For the following reasons, the Court will deny the Motion.

### I.   Background

On November 3, 2006, Petitioner Wesley Wood ("Petitioner") pled guilty to Counts One and Fifteen of a twenty-five count indictment. Count One charged Petitioner with conspiracy to distribute fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Count Fifteen charged Petitioner with possession with intent to distribute five (5) or more grams of cocaine base, and a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1).

On January 26, 2007, Petitioner was sentenced to life imprisonment on Count One, and to 480 months on Count Fifteen to run concurrent. On March 13, 2008, Petitioner filed a Motion for Retroactive Application of the Sentencing Guidelines for Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582. [Dkt. 207.] The Government agreed that Petitioner was eligible to receive a reduction pursuant to the retroactive application of the amended guidelines. [Dkt. 220.] On May 6, 2008, the Court reduced Petitioner's sentence on Count One from life imprisonment to 360 months, and on Count Fifteen from 480 months to 360 months, to run concurrent. [Dkt. 224.] Otherwise, the judgment from January 26, 2007 remains in full force and effect.

On June 20, 2014, Petitioner filed the instant Motion now before the Court. [Dkt. 355.] The Government opposed Petitioner's Motion. [Dkt. 360.] On December 23, 2014, the Court issued a show cause order. (12/23/14 Order [Dkt. 361].) This show cause order directed Petitioner to demonstrate, if possible, that the one-year statute of limitations does not apply or that he is entitled to equitable tolling. (Id.) He was given thirty days to file such a response, but as of the date of this Memorandum Opinion, Petitioner has failed to file a response. The time to so file has now expired.

## II. Analysis

The Antiterrorism and Effective Death Penalty of 1996

("AEDPA") provides that a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence.  28 U.S.C. § 2255(f). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring district courts to furnish habeas petitioners an opportunity to provide facts contesting the application of the statute of limitations); United States v. Sexton, 56 F. App'x 202, 203 (4th Cir. 2003) (applying Hill to a § 2255 Motion).

   Here, Petitioner's claim is based on Alleyne v. United States, which the Supreme Court decided on June 17, 2014.  133 S. Ct. 2151 (2013).  The statute of limitations, therefore, expired on June 17, 2014.  Petitioner filed the instant motion on June 20, 2014.  (Pet.'s Mem. in Supp. [Dkt. 355] at 8); see

Houston v. Lack, 487 U.S. 266, 269-72 (1988) (articulating the "prison mailbox rule," which states that for purposes of calculating the statute of limitations, a petition is deemed to be filed when a prisoner delivers his petition to prison officials). Therefore, Petitioner's Motion is untimely.

Furthermore, Petitioner's Motion fails to demonstrate any basis for equitable tolling. A petitioner seeking equitable tolling must show (1) that he diligently pursued his rights and (2) that some extraordinary circumstance stood in the way of his timely filing. Holland v. Florida, 560 U.S. 631, 663 (2010). "The diligence required for equitable tolling purposes is 'reasonable diligence, not 'maximum feasible diligence.'" Id. at 653 (citation omitted). Because Petitioner failed to respond to the show cause order, the Court also finds that equitable tolling is not warranted. As such, the Motion is time barred and must be denied.

### III. Conclusion

For the foregoing reasons, the Court will deny Petitioner's Motion. An appropriate Order will issue.

|  | /s/ |
|---|---|
| February 4, 2015 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |